**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DAVID PANNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-0766 TS |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner David Pannell, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary proceeding in which he was sentenced to sixteen days in segregation. The court denied Mr. Pannell's petition because he did not allege a sanction that is actionable under § 2254. Mr. Pannell has now filed a motion to alter or amend judgment asserting that the court "improperly" dismissed his petition "without 'first' considering whether the conditions of Petitioner's segregation are atypical." (Motion to Alter or Amend 2).

Mr. Pannell's argument arises from *Sandin v. Conner*, 515 U.S. 472 (1995), in which the Supreme Court held that a convicted prisoner is entitled to due process where the sanction imposed on him by a prison disciplinary committee amounts to an "atypical or significant hardship . . . in relation to the ordinary incidents of prison life." *Id* at 472. But *Sandin* was an action brought pursuant to 42 U.S.C. § 1983, and has no application to a petition brought pursuant to § 2254.

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive remedy for prisoners challenging the fact or duration of their confinement *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Because the loss of good time credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). But actions challenging conditions of confinement, including claims that prison officials improperly placed a prisoner in disciplinary confinement, must be brought under 42 U.S.C.

§ 1983. *Preiser*, 411 U.S. at 488–90.

The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin*, 515 U.S. 472 at 487 (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998).

Because Mr. Pannell did not loose earned credit time in the prison disciplinary hearing he wishes to challenge, he simply does not allege a sanction that is actionable under § 2254. If Mr. Pannell believes he has suffered an atypical or significant hardship in relation to the ordinary incidents of prison life, he may, if he wishes, file a complaint pursuant to § 1983.

For the these reasons, the court DENIES the petitioner's motion to alter or amend judgment (DE 6).

SO ORDERED on June 21, 2006.

        S/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT